

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 31, 1957

Honorable J. W. Edgar,
Commissioner of Education,
Texas Education Agency,
Austin, Texas

Opinion No. WW-211

Re: Number of employees the Texas
Education Agency may employ
with a salary rating in Salary
Group XIV, Article III, House
Bill 133, Acts 55th Legislature,
and other question.

Dear Doctor Edgar:

You have requested the opinion of this Department on
two questions. The first is as follows:

The number of employees the Texas Education
Agency may employ with a salary rating in Salary Group
XIV, Article III, House Bill 133, 55th Legislature.

House Bill 133, Acts 55th Legislature, Regular Session,
Article III, chapter 385, page 973 (Biennial Appropriation Bill) states in
part:

"The proper officer or officers of the Texas
Central Education Agency are hereby authorized to make
application for and accept any other gifts, grants or al-
lotments from the United States Government or other
sources to be used on cooperative and other projects
and programs in Texas. Any such Federal and other
funds as may be deposited in the State Treasury are
hereby appropriated to the specific purposes author-
ized by the Federal Government and other contracting
organizations, and the State Board of Education is au-
thorized to expend these funds in accordance with the
terms of the contract with the contracting agent."

House Bill 133, Acts 55th Legislature, Regular Session,
Article III, chapter 385, page 967, sets a limitation of nineteen positions
in Salary Group XIV, NTE $8,000.00. We are advised that such nineteen
regular positions are filled by regular employees to be paid from funds
appropriated to this Agency for performing the functions provided in the
Agency budget.

House Bill 133, Acts 55th Legislature, Regular Session,
Article VI, chapter 385, page 1148, reads in part:

"Sec. 19. Federal Funds appropriated for use. Any funds received by the agencies of the State named in this Act from the United States Government are hereby appropriated to such agencies for the purposes for which the federal grant, allocation, aid, or payment was made, subject to the provisions of this Act."

Pursuant to a contract between Texas Education Agency and the United States Office of Education for a federal grant to conduct a research project in the area of Modular Design of School Buildings, the Texas Education Agency desires to engage personnel thereunder without regard to the provisions of Salary Group XIV quoted above.

We are of the opinion that the limitation of nineteen positions, as set out in Salary Group XIV, applies only to the performance of work which is done to carry on the normal and usual functions by the employees in this group. As we view it, this provision does not contemplate any work to be done by virtue of specific federal grants outside the usual scope of duty of employees within Salary Group XIV.

Section 19 of the General Provisions of House Bill 133, as quoted above, is a broad and general provision and applies to all State agencies. We believe that the appropriation therein of federal funds to any agency, for the purposes for which the federal grant was made, "subject to the provisions of this Act," does not limit the number of people who may be employed in pursuance of a contract made to carry out the provisions of the federal grant, even though such a limitation is placed on the Salary Group in which these proposed employees would normally fall. It will be noted that the provision which authorizes the Agency to make application for, and to accept federal funds for specific projects and programs is just as much a part of House Bill 133 as is the provision which limits Salary Group XIV to nineteen positions. It can be concluded, therefore, that the general provision appropriating the federal funds to the Agency involved is, in fact, subject to the first quoted provision above, which authorizes the application and the acceptance of such funds, and which provision is implemented by the contract between the Agency and the United States Office of Education for the research project specified.

We conclude, therefore, that the Texas Education Agency is not limited in its employment of persons with a salary rating in Salary Group XIV, House Bill 133, Article III, chapter 385, page 967, when such additional personnel is employed to perform duties of a special nature in pursuance of a federal grant for a particular project.

You have asked the further question:

Whether or not "professional fees" as used in the following provision, includes persons employed for educational services?

House Bill 133, Acts 55th Legislature, Regular Session, Article III, chapter 385, page 969, relating to the General Revenue Fund of the Central Education Agency provides:

"General administration and supervision, including salaries, seasonal help, professional fees, . . . to be expended in accordance with the operating budget of the Texas Central Education Agency as adopted by the State Board of Education. . . . "

The word "professional" originally contemplated only theology, law, and medicine, but as applications of science and learning are extended to other departments of affairs, other vocations also receive the name, which implies professed attainments in special knowledge as distinguished from mere skills. Aulen v. Triumph Explosive, D.C. Maryland, 58 F.Supp., 4, 8. Our Texas courts have defined a "profession" as a "vocation, calling, occupation or employment involving labor, skill, education, special knowledge and compensation or profit, but the labor and skill involved is predominantly mental or intellectual, rather than physical or manual." Maryland Casualty Company v. Crazy Water Company, 160 S.W.2d, 102 (Tex.Civ.App. 1942).

We are of the opinion that under this recent definition of the word "profession" by the Texas Court, such term properly includes teachers, educators, and those persons employed for educational services, who have attained a high degree of special knowledge and learning, where such knowledge is used by its practical application to the affairs of others, either advising or guiding and in serving their interest or welfare in the practice of an act founded upon it, where such work is predominantly mental or intellectual.

SUMMARY

The Texas Education Agency is not limited by the provisions of Salary Group XIV, House Bill 133, Acts 55th Legislature, Regular Session, Article III, chapter 385, page 967, when such additional personnel is employed to perform work authorized by a special federal grant for a particular project. Further, "professional fees" may properly be paid to persons employed for educational services if such

persons fulfill the requirements of a member of a "profession", as defined herein.

Very truly yours,

WILL WILSON
Attorney General of Texas

By *B. H. Timmins, Jr.*
B. H. Timmins, Jr.
Assistant

BHT:pf:cm

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman

W. V. Geppert

Wallace Finfrock

REVIEWED FOR THE ATTORNEY GENERAL

By: Geo. P. Blackburn